**QUINN EMANUEL URQUHART & SULLIVAN LLP**
Steven G. Madison (SBN: 101006)
stevemadison@quinnemanuel.com
Justin C. Griffin (SBN: 234675)
justingriffin@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:   (213) 443-3000
Facsimile:   (213) 443-3100

*Attorneys for Defendant*
*Kia America, Inc.*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORGAN KORNFEIND, an individual,<br><br>    Plaintiff,<br><br>    v.<br><br>KIA AMERICA, INC., a California corporation; and DOES 1 to 25, inclusive,<br><br>    Defendants. | Case No.: 2:23-cv-07979<br><br>*Previously known as Orange County Superior Court Case No. 30-2023-01347143-CU-PL-CJC*<br><br>**DEFENDANT'S NOTICE AND PETITION OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446**<br><br>State Court Complaint Filed: Sept. 1, 2023<br><br>Trial Date: Not Set |

NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant KIA AMERICA, INC. ("Kia") removes the above-entitled action from the Orange County Superior Court of the State of California to the United States District Court for the Central District of California. In support of removal, Kia states as follows:

## BACKGROUND

On September 1, 2023, Plaintiff, Morgan Kornfeind, filed a Complaint in Orange County Superior Court of the State of California against Kia. No process, pleadings, orders, or other papers have been served upon Kia. *See* 28 U.S.C. § 1446(a). A copy of the Complaint is attached hereto as **Exhibit 1**.

The Complaint asserts seven causes of action against Kia: (1) strict liability – manufacturing defect; (2) strict liability – design defect; (3) negligence; (4) negligence – failure to recall; (5) negligence - failure to warn; (6) breach of implied warranty of merchantability; and (7) public nuisance. Exhibit 1, ¶¶ 23–77. Defendant believes removal is warranted based on diversity of citizenship.

## VENUE

Venue is proper in this Court pursuant to 28 U.S.C. §§ 115, 1391, 1441(a), and 1446(a) because the Orange County Superior Court, where the Complaint was filed, is a state court within the Central District of California.

## JURISDICTION

This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because (I) there is complete diversity of citizenship between Plaintiff and Defendant; (II) the amount in controversy exceeds $75,000, exclusive of interests and costs; and (III) Defendant has satisfied the procedural requirements for removal.

**I.   There is complete diversity of citizenship between Plaintiff and Defendant.**

There is complete diversity of citizenship between the parties in this case. Plaintiff Kornfeind is a citizen of Multnomah County, Oregon. Exhibit 1, ¶ 1.

Because Defendant Kia is a corporation, it is a citizen of any state in which it was incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332. Kia is incorporated and has its principal place of business in California. Exhibit 1, ¶ 2. Therefore, there is diversity of citizenship between Plaintiff and Defendant Kia.

Plaintiff also names "Does 1 to 25" as defendants but does not provide any information as to their citizenship. *See* Exhibit 1, ¶ 2. Under the Federal Rules of Civil Procedure, "the citizenship of defendants sued under fictitious names shall be disregarded" in determining whether a civil action is removable on the basis of diversity jurisdiction. 28 U.S.C. § 1441(b)(1); *Soliman v. Phillip Morris, Inc.*, 311 F.3d 966, 971 (9th Cir. 2002) ("The citizenship of fictitious defendants is disregarded for removal purposes . . . ."); *Tucker v. Royal Adhesives & Sealants, LLC*, 2023 WL 2666056, at *6 (C.D. Cal. Mar. 28, 2023). Because there is complete diversity between Plaintiff Kornfeind and Defendant Kia, and the citizenship of the fictitiously named defendants is disregarded for removal purposes, there is complete diversity among the parties.

**II.     The amount in controversy exceeds $75,000.**

Federal law limits federal diversity jurisdiction to matters for which the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(b); *see also* 28 U.S.C. § 1446(c)(2). "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 88–89 (2014). As Plaintiffs assert claims for strict liability – manufacturing defect; strict liability – design defect; negligence; negligence – failure to recall; negligence – failure to warn; breach of implied warranty of merchantability; and public nuisance, alleging personal injuries such as broken bones, the amount-in-controversy exceeds $75,000. *See, e.g.*, *Campbell v. Bridgestone/Firestone, Inc.*, 2006 WL 707291, at *2 (E.D. Cal. Mar. 17, 2006) (amount in controversy satisfied where plaintiff asserted strict products

liability, negligence, and breach of warranty claims, and allegedly suffered head trauma and broken bones). The Plaintiff's breach of implied warranty allegations under Cal. Civ. Code § 1794(c) alone could lead to recovery of double the purchase price of the vehicle, likely reaching the $75,000 amount-in-controversy threshold. *See Gonzalez v. FCA US LLC*, 2020 WL 1444941, at *2–3 (C.D. Cal. Mar. 24, 2020).

### III. Defendant has satisfied the procedural requirements for removal.

"The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). Here, Kia has not been served with the complaint, which was filed on September 1, 2023. This Notice of Removal is therefore timely because (1) fewer than thirty days have elapsed since any service of the Complaint; and (2) this Notice of Removal has been brought less than one year after the commencement of the state action.

California federal courts permit removal by a home-state defendant that has not received service of the complaint. *Hong Kong Continental Trade Co. v. Natural Balance Pet Foods, Inc.*, 2023 WL 2664246, at *4–5 (C.D. Cal. Mar. 28, 2023). Defendant Kia has not been served with the complaint and is therefore not barred from removing this action by 28 U.S.C. § 1441(b)(2) (requiring that the defendant be "properly joined and served").

Kia will provide written notice of this Notice to Plaintiff's counsel of record and the file written notice of this Notice (along with a true and complete copy hereof) in the state court action, Orange County Superior Court Case No. 30-2023-01347143-CU-PL-CJC. Therefore, the Defendant has satisfied the procedural requirements for removal.

WHEREFORE, Defendant respectfully gives notice that the above-captioned civil action pending in Orange County Superior Court is removed to this Court, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

DATED: September 22, 2023      QUINN EMANUEL URQUHART & SULLIVAN, LLP

By */s/ Steven G. Madison*
Steven G. Madison (SBN: 101006)
stevemadison@quinnemanuel.com
Justin C. Griffin (SBN: 234675)
justingriffin@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

*Attorneys for Defendant
Kia America, Inc.*